UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, et al.,<br><br>Defendants. | Case No. 23-cv-06642-AMO<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO LODGE THE ADMINISTRATIVE RECORD**<br><br>Re: Dkt. No. 13 |

Before the Court is Defendants' motion for an extension of time to lodge the administrative record. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** Defendants' motion for the following reasons.

Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network filed a complaint against Defendants Gina Raimondo and National Marine Fisheries Services ("NMFS") (collectively, "Defendants") on December 28, 2023, alleging three causes of action: two claims under the Endangered Species Act ("ESA") and one claim under the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"). Compl. (ECF 1). On February 23, 2024, Defendants filed the instant motion under Civil Local Rules 6-1 and 6-3 to extend the time to lodge the administrative record until 14 days after the Court issues its ruling on Defendants' forthcoming motion for partial dismissal. ECF 13. Defendants then moved to dismiss the first two claims under the ESA for lack of subject matter jurisdiction on February 26, 2024. ECF 14.

Under the MSA, Defendants have 45 days to file a response to Plaintiffs' complaint and to concurrently file the administrative record for the challenged regulation. 16 U.S.C. § 1855(f)(3). The Court may extend the period for filing such a response upon a showing of good cause. *See*

1  16 U.S.C. § 1855(f)(3)(A).  Defendants argue that pursuant to Civil Local Rules 6-1 and 6-3,
2  which correspond with Federal Rule of Civil Procedure 6(b), there is no deadline for producing
3  the administrative record as the motion for partial dismissal "tolls the deadline for a 'response' to
4  Plaintiffs' MSA claim."  ECF 13 at 2.  While Defendants cite to Ninth Circuit caselaw holding
5  that a motion for partial dismissal tolls a defendant's response to all claims, none of the cited cases
6  include claims with a statutory deadline for the response.  *See id.* at 2-3 (citing cases).  Moreover,
7  "Rule 6(b) governs the extension of time periods prescribed by the federal rules or by an order of
8  the district court.  Courts have held that Rule 6(b) does not apply to time periods set out in
9  statutes."  4A Wright & Miller, Federal Practice and Procedure 2d § 1165, at 473-75 (1987); *see* 1
10 James Wm. Moore, et al., Moore's Federal Practice § 6.06(1)(a) (3d ed. 1997) ("In other words,
11 federal courts may not use Rule 6(b) to enlarge time periods established by statutes"); *see also*
12 *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011) (finding that "[e]very
13 court to have considered this question has held that Rule 6(b) may be used only to extend time
14 limits imposed by the court itself or by other Federal Rules, but not by statute") (citing cases).

15         Defendants also argue that there is good cause to extend the 45-day deadline to submit the
16 administrative record because NMFS has "limited staff with significant, competing priorities" and
17 that NMFS is unable to compile the administrative record because Plaintiffs' ESA allegations are
18 not detailed enough.  ECF 13 at 4.  The Court cannot agree that either basis constitutes good
19 cause.  First, while Defendants state that some of their employees have competing workload
20 priorities, they have not shown that the other employees are unavailable or unable to prepare the
21 record.  Second, however vague Defendants find Plaintiffs' ESA allegations, at issue here is the
22 administrative record for their MSA claim, which even Defendants admit is a closed record with a
23 decision date of December 1, 2023.  ECF 13-1 ¶ 3.

24         Accordingly, the Court **DENIES** Defendants' motion to extend the time to lodge the
25 administrative record for Plaintiffs' MSA claim.  The parties **SHALL** submit within five days a
26 ///
27 ///
28 ///

joint proposed schedule for Defendants to lodge the administrative record for Plaintiffs' MSA claim.

**IT IS SO ORDERED.**

Dated: March 8, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**