TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
ANTHONY D. ORTIZ, Trial Attorney (DC Bar 978873)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 307-1147; Fax | (202) 305-0275
E-mail: Anthony.D.Ortiz@usdoj.gov

Attorneys for Federal Defendants

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and TURTLE ISLAND RESTORATION NETWORK, | Case No.:  3:23-cv-06642-AMO |
| Plaintiffs, | ANSWER |
| v. | Date:  March 18, 2024 |
| | Judge Araceli Martínez-Olguín |
| GINA RAIMONDO, in her official capacity at Secretary of Commerce, and NATIONAL MARINE FISHERIES SERVICE., | |
| Defendants. | |

Federal Defendants Gina Raimondo, in her official capacity as Secretary of Commerce, and the National Marine Fisheries Service ("NMFS") (collectively, "Federal Defendants") hereby respond to the allegations in the Complaint. Compl., ECF No. 1. For the reasons provided in our motion for partial dismissal, Plaintiffs' ESA claims should be dismissed for failure to

FEDERAL DEFENDANTS' ANSWER                                    1
Case No.: 3:23-cv-06642-AMO

comply with the ESA's 60-day notice requirement. ECF No. 14. Nevertheless, and without waiving any rights or defenses, Federal Defendants provide the following responses. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterization of their lawsuit and legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

2.      The allegations in the first and second sentences of Paragraph 2 are too vague and ambiguous to permit a response and are denied on that basis. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in third and fourth sentence of Paragraph 2.

3.      Regarding the allegations in the first sentence of Paragraph 3, Federal Defendants admit that there is one documented entanglement of a leatherback sea turtle in the Pot Fishery since 2008 and that the Pot Fishery may entangle leatherback sea turtles in the manner described in the allegations in Paragraph 3. Federal Defendants otherwise deny the allegations in Paragraph 3.

4.      Federal Defendants deny the allegations in Paragraph 4.

5.      Regarding the allegations in Paragraph 5, Federal Defendants admit that parts of the Cordell Bank, Greater Farallones, and Monterey Bay are national marine sanctuaries that contain designated leatherback sea turtle critical habitat. Federal Defendants otherwise deny the allegations in Paragraph 5.

6.      Federal Defendants deny the allegations in the first sentence of Paragraph 6.  The allegations in the second sentence of Paragraph 6 purport to characterize information from unidentified scientists, which speaks for itself and is the best evidence of its content. Federal

Defendants deny any allegation contrary to the unidentified information's plain language, meaning, and/or context.

7.    The allegations in Paragraph 7 refer to an unspecified document and thus Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. the extent a response is required, Federal Defendants deny the allegations.

8.    Federal Defendants deny the allegations in Paragraph 8.

9.    Federal Defendants deny the allegations in Paragraph 9.

10.    Federal Defendants deny the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 consist of Plaintiffs' characterization of their lawsuit and request for relief, which requires no response. To the extent a response is required, Federal Defendants deny the allegations and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

12.    The allegations in Paragraph 12 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

13.    The allegations in Paragraph 13 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

14.    The allegations in Paragraph 14 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

15.    The allegations in Paragraph 15 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

16.     Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

17.     Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

18.     Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

19.     Federal Defendants deny the allegation in the second sentence of Paragraph 19 that they have failed to comply with the Endangered Species Act. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

20.     Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

21.      Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

22.     Federal Defendants lack sufficient information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

23.     Federal Defendants deny the allegation in the third sentence of Paragraph 23 that they have failed to comply with applicable environmental laws. Federal Defendants lack sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

24.     The allegations in Paragraph 24 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

25.     Federal Defendants lack sufficient information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 25 and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third sentence of Paragraph 25 are legal conclusions that require no response.  To the extent a response is required, Federal Defendants deny the allegations.

26.     Federal Defendants admit that Defendant Gina Raimondo is the U.S. Secretary of Commerce. The remaining allegations in Paragraph 26 are conclusions of law or characterizations of Plaintiffs' lawsuit, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

27.     Federal Defendants admit that NMFS is an agency within the Department of Commerce. The remaining allegations in Paragraph 27 are conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

28.     The allegations in Paragraph 28 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

29.     The allegations in Paragraph 29 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

30.     The allegations in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

31.     The allegations in `Paragraph 31 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

32.     The allegations in Paragraph 32 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

33.     The allegations in the Paragraph 33 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

34.     The allegations in the Paragraph 34 purport to describe and characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

35.     The allegations in the Paragraph 35 purport to characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

36.     The allegations in the Paragraph 36 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

37.     The allegations in the Paragraph 37 purport to characterize the ESA and a regulation implementing the ESA, which speaks for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

38.     The allegations in Paragraph 38 purport to characterize a regulation implementing the ESA, which speaks for itself and is the best evidence of their contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

39.     The allegations in Paragraph 39 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

40.     The allegations in Paragraph 40 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 40 are also legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

41.     The allegations in Paragraph 41 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

42.      The allegations in Paragraph 42 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 42 are also legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

43.     The allegations in Paragraph 43 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

44.     The allegations in Paragraph 44 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents.

Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

45.     The allegations in the first sentence of Paragraph 45 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the first and second sentences in Paragraph 45 are also legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

46.     The allegations in Paragraph 46 purport to characterize the ESA and a regulation implementing the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 46 are also legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

47.     The allegations in Paragraph 47 purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA") which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

48.     The allegations in Paragraph 48 purport to describe and characterize the MSA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

49.     The allegations in Paragraph 49 purport to describe and characterize the MSA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

50.     The allegations in Paragraph 50 purport to characterize Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

51.     The allegations in the Paragraph 51 purport to characterize the referenced regulations and Federal Register notices, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

52.     The allegations in Paragraph 52 purport to characterize 85 Fed. Reg. 48,332 (Aug. 10, 2020) ("12-Month Finding"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

53.     Federal Defendants admit the allegations of the first sentence of Paragraph 53. The allegations in the second sentence of Paragraph 53 appear to characterize the Biological Opinion for the Reinitiation of ESA Consultation on the Continued Operation of the Large Mesh Drift Gillnet Fishery under the U.S. West Coast Fishery Management Plan for Highly Migratory Species dated July 7, 2023 ("DGN BiOp"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied.  To the extent a response is required, Federal Defendants deny the allegations.

54. Federal Defendants admit the allegations of Paragraph 54.

55. Federal Defendants deny the allegations in the first sentence of Paragraph 55. The allegations in the second and third sentences of Paragraph 55 purport to characterize the 12-Month Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied.  To the extent a response is required, Federal Defendants deny the allegations.

56. The allegations in Paragraph 56 purport to characterize the 12-Month Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

57. The allegations in Paragraph 57 appear to characterize and describe discussion of modeling results included with the DGN BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

58. The allegations in the Paragraph 58 refer to an unspecified document and thus Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent a response is required, Federal Defendants deny the allegations.

59. The allegations in the first sentence of Paragraph 59 purport to characterize the 12-Month Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. Regarding the allegations in the second and third sentences of Paragraph 59, Federal Defendants lack sufficient information or

knowledge to form a belief as to the truth of the allegations and, on that basis, deny the allegations. To the extent that a response is required, Federal Defendants deny the allegations. Defendants admit the allegations in the fourth sentence of Paragraph 59.

60.     The allegations in Paragraph 60 appear to characterize the 12-Month Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

61.     The allegations in Paragraph 61 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, the allegations are denied.

62.     The allegations in paragraph 62 purport to characterize 50 C.F.R. § 226.207(b)(4) (2012) and appear to reference NMFS's Final Rule to Revise the Critical Habitat Designation published in the Federal Register at 77 Fed. Reg. 4170 (Jan. 26, 2012) ("Critical Habitat Designation Notice"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

63.      The allegations in Paragraph 63 purport to characterize the Critical Habitat Designation Notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

64.     The allegations in Paragraph 64 purport to characterize the Critical Habitat Designation Notice, which speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

65. Federal Defendants admit the allegations in Paragraph 65.

66. Regarding the allegations in the first sentence of Paragraph 66, Federal Defendants admit that NMFS implements the Pacific Coast Groundfish Fishery Management Plan ("Pacific Coast Groundfish FMP"). The remaining allegations in the first sentence of Paragraph 66 purport to characterize 50 C.F.R. § 660.10, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 66.

67. Regarding the allegations in the first sentence of Paragraph 67, Federal Defendants admit that the Washington/Oregon/California Pot Fishery uses pots, fishing line, and buoys. The remaining allegations in the first sentence of Paragraph 67 that the fishing line is "heavy-duty" is too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, the allegations are denied. Regarding the allegations in the second sentence of Paragraph 67, Federal Defendants admit Pot Fishery gears typically includes multiple pots that, when set, are linked along the seafloor along with surface buoys attached to a vertical line in the water column, but otherwise deny the allegations in the second sentence of Paragraph 67. Federal Defendants deny the allegations in the third sentence of Paragraph 67.

68. Federal Defendants admit the allegations in Paragraph 68.

69. The allegations in the first and second sentences of Paragraph 69 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

To the extent a response is required, the allegations are denied. Regarding the allegations in the third and fourth sentences of Paragraph 69, Federal Defendants admit that the most common time period for West Pacific leatherbacks to arrive off the West Coast to forage is spring, that Central California is one of the foraging grounds for that component of West Pacific leatherbacks, and that those West Pacific leatherbacks have a degree of risk of entanglement where there is overlap with the Pot Fishery. Federal Defendants otherwise deny the allegations of the third and fourth sentences of Paragraph 69.

70.     The allegations in the first and second sentences of Paragraph 70 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, Federal Defendants deny the allegations. For the allegations in the third sentence of Paragraph 70, Federal Defendants admit that a leatherback sea turtle was found dead and entangled in pot gear identified to the commercial California Dungeness crab fishery on November 24, 2023. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 70.

71.     The allegations in the first sentence of Paragraph 71 purport to characterize the 12-Month Finding, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 71. Regarding the allegations in the third sentence of Paragraph 71, Federal Defendants admit that a dead leatherback was found entangled in lines attached to two buoys in 2018, which was subsequently identified as rock crab gear. Federal Defendants otherwise deny the remaining allegations in the third sentence of Paragraph 71.

72.     Regarding allegations in the first and second sentence of Paragraph 72, Federal Defendants admit that some vessels participate in both the Dungeness crab pot fishery and the Sablefish Pot Fishery, and that some vessels did participate in both fisheries in the years 2015 and 2016, but aver that vessels participating in both fisheries in the same year do not participate in both fisheries during the same trip and use different gear for the two fisheries. Federal Defendants deny the remaining allegations in Paragraph 72 based on lack of sufficient knowledge or that they are too vague and ambiguous to permit a response. To the extent a response is required, the allegations are denied.

73.     Regarding the allegations in the first sentence of Paragraph 73, Federal Defendants admit that reports by the public or stranding network of leatherback entanglements are opportunistic and may occur closer to shore. Federal Defendants otherwise deny the allegations in the first sentence of Paragraph 73. The allegations in the second and third sentences are too vague and ambiguous to permit a response and are denied on that basis. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the fourth sentence.

74.     The allegations in Paragraph 74 purport to characterize the 2012 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

75.     The allegations in Paragraph 75 purport to characterize the 2012 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

76.     The allegations in Paragraph 76 purport to characterize the 2012 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

77.     The allegations in Paragraph 77 purport to characterize the 2012 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

78.     The allegations in the Paragraph 78 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, the allegations are denied.

79.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph, on that basis, deny the allegations. Federal Defendants further aver based on their available information and belief the incidental take statement for the 2012 Biological Opinion has not been exceeded. With regard to the allegations in the fourth sentence of Paragraph 79, Federal Defendants admit there were three documented entanglements of leatherback sea turtles in crab pot fishery gear during the time period 2015 to 2019, but otherwise deny the allegations. The allegations in the fifth sentence of Paragraph 79 purport to describe and characterize the content of the 2012 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning and context are denied. To the extent a response is required, Federal Defendants deny the allegations.

80.     Federal Defendants deny the allegations in paragraph 80.

FEDERAL DEFENDANTS' ANSWER                                    16
Case No.: 3:23-cv-06642-AMO

81.     The allegations in Paragraph 81 purport to describe and characterize 88 Fed. Reg. 83,830 (Dec. 1, 2023) ("Final Rule"), which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

82.     The allegations in Paragraph 82 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

83.     The allegations in the first sentence of Paragraph 83 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 83.

84.     Federal Defendants deny the allegations in the first sentence of Paragraph 84. The allegations in the second sentence of Paragraph 84 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 84.

85.     Federal Defendants deny the allegations in the first sentence of Paragraph 85. The allegations in the second sentence of Paragraph 85 purport to characterize 50 C.F.R. § 206.227(b)(4), which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied. The allegations in third sentence of Paragraph 85 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. To the extent a response is required, the allegations are denied.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 85.

86. The allegations in Paragraph 86 purport to describe and characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

87. The allegations in Paragraph 87 purport to characterize 50 C.F.R. § 226.207 and the Critical Habitat Designation Notice, which speak for themselves and are the best evidence of their contents. To the extent a response is required, the allegations are denied.

88. The allegations in the first sentence of Paragraph 88 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 88. Federal Defendants admit that the image after Paragraph 88 is a 12/2023 Map by "K Clauser" submitted by Plaintiff Center for Biological Diversity to the National Oceanic and Atmospheric Administration. To the extent that allegations in Paragraph 88 purport characterize the image, the image speaks for itself and is the best evidence of its contents. To the extent a response is required regarding the image, any allegations associated with the image are denied.

89. Federal Defendants incorporate by reference their responses to all preceding paragraphs.

90. The allegations in Paragraph 90 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

91. The allegations in Paragraph 91 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

92. The allegations in Paragraph 92 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

93.     The allegations in Paragraph 93 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

94.     Federal Defendants incorporate by reference their responses to all preceding paragraphs.

95.     The allegations in Paragraph 95 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

96.     The allegations in Paragraph 96 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

97.     The allegations in Paragraph 97 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

98.     Federal Defendants incorporate by reference their responses to all preceding paragraphs.

99.     The allegations in Paragraph 99 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

100.    The allegations in Paragraph 100 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief sought and any other relief.

**GENERAL DENIAL**

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1.      The court may lack subject matter jurisdiction over Plaintiffs' claims.

2.      Plaintiffs may lack standing to bring their claims.

3.      Plaintiffs fails to state a claim upon which relief may be granted.

4.      Some or all of the Plaintiffs' claims are moot or not ripe for adjudication.

5.      To the extent that some or all of the Plaintiffs' claims are partially or completely barred by a statute of limitations, any such claims should be dismissed.


Dated: March 18, 2024                    Respectfully submitted,

                                         TODD KIM
                                         Assistant Attorney General
                                         S. JAY GOVINDAN
                                         Section Chief
                                         MEREDITH L. FLAX
                                         Deputy Section Chief

                                         */s/ Anthony D. Ortiz*
                                         ANTHONY D. ORTIZ
                                         Trial Attorney, (DC Bar 978873)
                                         U.S. Department of Justice
                                         Environment and Natural Resources Division
                                         Wildlife and Marine Resources Section
                                         P.O. Box 7611, Ben Franklin Station
                                         Washington, D.C. 20044
                                         Tel | (202) 307-1147; Fax | (202) 305-0275
                                         E-mail: Anthony.D.Ortiz@usdoj.gov
                                         Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I, Anthony D. Ortiz, hereby certify that, on March 18, 2024, I caused the foregoing to be served upon counsel of record through the Court's CM/ECF system. I declare under penalty of perjury that the foregoing is true and correct.


/s/ Anthony D. Ortiz
ANTHONY D. ORTIZ

FEDERAL DEFENDANTS' ANSWER
Case No.: 3:23-cv-06642-AMO

21